KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
**STEPHEN F. PEIFER**, OSB #74252
Assistant U.S. Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
steve.peifer@usdoj.gov
       Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CR 02-440 (RE) |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **TRE ARROW,** | |
| Defendant. | Sentencing Date<br>August 12, 2008 at 2:30 p.m. |

      The United States of America, by and through Karin J. Immergut, United States Attorney for the District of Oregon, and Assistant United States Attorney Stephen F. Peifer, submits the following memorandum in support of the government's position on sentencing.

      On Tuesday, August 12, 2008, defendant Tre Arrow will be before the court for sentencing on his plea of guilty to two counts of arson in violation of 18 U.S.C. § 844(i).  The court has accepted the plea agreement under Rule 11(c)(1)(C) calling for an agreed sentence of 78 months.  In its final pre-sentence report, the Probation Office concurs in the 78- month sentence.

Although the plea agreement anticipated a slightly different guideline calculation than that employed by the Probation Office, the ultimate result is the same. The guidelines are superceded or trumped by the mandatory minimum term of 60-months for arson under § 844(i). To reach the 78-month sentence from the 60-month floor, the parties agree to an 18-month upward departure pursuant to U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(a) and (b). Paragraph 9(g) of the plea agreement states that the upward departure is:

> ...based on a finding that there exist aggravating circumstances not adequately taken into consideration by the Sentencing Commission in formulating the applicable guidelines, namely, that defendant committed arsons calculated to influence or affect the conduct of private parties by intimidation or coercion or to retaliate against the private parties' conduct.

The facts of the two arsons in this case fully justify the upward departure. Defendant and his cohorts targeted Ross Island Sand and Gravel and Schoppert Logging for ideological reasons, i.e., they disagreed with those companies' business and environmental practices. With the goal of changing the companies' activities by force, defendant used the weapon of fire for retaliation, intimidation and coercion. Because the aggravating factors were not adequately considered by the Sentencing Commission in formulating the applicable guidelines, an 18-month upward departure is appropriate.

The Bureau of Prisons will calculate defendant's credit for prior custody pursuant to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or

>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Defendant's "official detention" in this case commenced upon his arrest in Victoria, British Columbia, on March 14, 2004. From that date forward defendant was held for extradition and removal to the United States for prosecution on the pending federal charges. As a matter of law, this custodial period was "official detention" subject to credit for time served under § 3585(b). Although the Bureau of Prisons, not this court, determines the actual time served under that statute, the parties agree the court in the judgment order should indicate that defendant's official detention under § 3585(b) commenced on March 14, 2004, and the court should recommend to the Bureau of Prisons that all applicable good time be calculated from that date.

Defendant's sentencing will close the final chapter in a long, complicated case that began with the Ross Island arson on April 15, 2001. Three other defendants cooperated with the government and received 41-month sentences which they have already served. Defendant Tre Arrow fled this jurisdiction and, after traveling the entire length of the United States from west to east, entered Canada. His travels then took him across the entire length of Canada, from Nova Scotia to British Columbia, where he was arrested for shoplifting.

Much has happened since the spring of 2001. Arrow's three co-defendants are doing well on supervised release and appear to be headed for full rehabilitation. This defendant has now accepted responsibility for his criminal actions and agrees to a just and reasonable sentence. That sentence and the supervised release term to follow will provide ample opportunity for his own rehabilitation, while serving the other statutory objectives of sentencing, particularly,

**Page 3 - Government's Sentencing Memo**

protection of the public, deterrence against other criminal conduct, and the promotion of respect for the law.

Dated this 6th day of August 2008.

>Respectfully submitted,
>
>KARIN J. IMMERGUT
>United States Attorney
>District of Oregon
>
>
>*s/ Stephen F. Peifer*
>STEPHEN F. PEIFER, OSB #74252
>Assistant United States Attorney

**Page 4 - Government's Sentencing Memo**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2008, a copy of the foregoing GOVERNMENT'S SENTENCING MEMORANDUM was served electronically (e-mail via CM/ECF) on Paul Loney and Bruce Ellison and a hard copy was placed in a postage prepaid envelope and deposited in the United States mail in Portland, Oregon, addressed to:

>Bruce Ellison
>P. O. Box 2508
>Rapid City, SD 57709

>*s/ Stephen F. Peifer*
>Stephen F. Peifer
>Assistant United States Attorney

cc: Tim Eisenbrandt